TARTER KRINSKY & DROGIN LLP
*Attorneys for Plaintiff,*
*Siya, Inc.*
1350 Broadway – 11th Floor
New York, New York 10018
Tel: 212-216-8000
Fax: 212-216-8001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X
SIYA, INC.,

                  Plaintiff,

      -against-

GGI INTERNATIONAL, INC.,

                  Defendant.

-----------------------------------------------------------------X

:  Case No. _____
:
:  **COMPLAINT**
:  **JURY DEMAND**
:
:
:
:

Plaintiff, Siya, Inc. ("Plaintiff"), by its undersigned attorneys, allege as and for its Complaint against Defendant GGI International, Inc. ("GGI"), as follows:

## NATURE OF THE CASE

This is an action at law and in equity for unfair competition and false designation of origin arising under 15 U.S.C. § 1051 et seq. (the "Lanham Act").

## THE PARTIES

1. Plaintiff is a California corporation, licensed and authorized to do business in the State of California, with a principal place of business located at 10233 Palm Drive, Santa Fe Springs, California 90670.

2. Upon information and belief, Defendant GGI is a New Jersey corporation, licensed and authorized to do business in the State of New Jersey, with a principal place of business located at 61 Willet St., Passaic, New Jersey 07055.

## JURISDICTION AND VENUE

3. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, and the citizenship of plaintiff is diverse from the citizenship of defendant.

4. This Court has personal jurisdiction over Defendant, which has purposefully available itself of the laws of the State of New Jersey because Defendant is a corporation organized under the laws of New Jersey, and has a principal place of business in Passaic, New Jersey.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because this is an action brought pursuant to the federal trademark laws, 15 U.S.C. § 1051 et seq., Defendant resides in this judicial District, Defendant conducts business in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.** **Plaintiff's Distinctive and Nonfunctional Trade Dress**

7. Plaintiff has invested significant time and money to create, develop, advertise, market and sell its products for watches ("Watch Products") under its trade dress.

8. Plaintiff's Watch Products are offered in packaging comprising a very distinctive fanciful and arbitrary trade dress incorporating the colors green, black and grey, using a specific

font and color scheme for the lettering on its product (lettering in grey with shadows on black), an unusual color green for the overall background, bullet shaped enclosures for the words, and a multiple element and multi-colored bullet design in a very unusual pattern, with yellow, black, blue and purple from left to right. ("Plaintiff's Trade Dress"). Plaintiff's Trade Dress for its Watch Products line presents a consistent overall look. Photos of some of Plaintiff's Watch Products incorporating Plaintiff's Trade Dress are attached in Exhibit A.

9. As a result of this creative process and the resulting Plaintiff's Trade Dress, Plaintiff's products are instantly recognizable by consumers. As such, Plaintiff's Watch Products have acquired secondary meaning. In addition, Plaintiff's Trade Dress is inherently distinctive. The Trade Dress is not functional and does not describe or suggest anything about any of Plaintiff's products.

10. Plaintiff's Watch Products are sold within the entire United States and are advertised and sold nationally in catalogues, trade shows and prominent web sites such as Amazon and eBay.

11. Plaintiff's Watch Opener product (Item CL1001W) ("Watch Opener") has been on sale in the United States since 2009. Photos of the Watch Opener are attached as Exhibit B. Plaintiff has sold the Watch Opener under its "SE" trademark (Trademark Registration No. 4602014).

12. The Watch Opener packaging comprises Plaintiff's Trade Dress. The Watch Opener is packaged in a distinctive green rectangular box with the front box containing the words "Watch Opener" and "Features," both appearing in unique grey lettering surrounded by a black color, and encircled by a white circular border, as shown in Exhibit B. The logo encasing the word "Features" is in the shape of a bullet and also has a four element bullet design in a very

3

unusual pattern, with yellow, black, blue and purple from left to right. Plaintiff's registered trademark SE also appears on the packaging along with a copyright notice: ©SE2009.

13. The Watch Opener has been sold by Plaintiff's customers on various web sites, such as Amazon and eBay.

**B.    Defendant's Infringing Product**

14. Upon information and belief, GGI is selling a Watch Opener product ("GGI Opener") substantially identical to Plaintiff's Watch Opener.  Photos of the GGI Opener are attached as Exhibit C.

15. The GGI Opener mimics Plaintiff's Trade Dress. The GGI Opener is sold in virtually identical packaging, of the exact same size, coloring, lettering and wording as Plaintiff's Watch Opener.  GGI used the same size package, green, grey and white packaging colors, virtually identical logos for the "Watch Opener" and "Features" words, and the four element bullet design in the same location below the "Features" bullet and incorporating the same unusual pattern, with a very similar color scheme from left to right: yellow, black, orange and purple. GGI even incorporates Plaintiff's copyright notice: ©SE 2009.

16. A letter was sent to GGI on January 5, 2015 regarding the infringement of Plaintiff's Trade Dress.  A copy of this letter is attached as Exhibit D.  GGI did not respond to the letter.

17. GGI is selling its GGI Opener on identical web sites as the Plaintiff's Watch Opener, such as Amazon and eBay, and the GGI Opener appears on these sites under Plaintiff's "SE" trademark.

## COUNT I

**[Federal Unfair Competition and Trade Dress Infringement, 15 U.S.C. §1125(a)]**

18. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

19. Plaintiff has made a substantial investment in the creation, design and graphics of its Watch Products to create its unique Trade Dress.

20. Plaintiff's Trade Dress is inherently distinctive: it is non-functional, fanciful, arbitrary, and/or suggestive and serves to identify Plaintiff as the source of watch products and other merchandise.

21. Plaintiff's Watch Products have developed a secondary and distinctive meaning to consumers, potential consumers and the trade so that goods and services offered under and in connection with Plaintiff's Trade Dress are known and understood to originate from Plaintiff.

22. By reason of the foregoing, consumers of watch products have come to associate Plaintiff's Trade Dress exclusively with Plaintiff and Plaintiff's Trade Dress has become a strong source indicator for Plaintiff's sales of its Watch Products.  Plaintiff has developed substantial goodwill in the Plaintiff's Trade Dress.

23. GGI is using Plaintiff's Trade Dress without Plaintiff's authorization in a manner that is deliberately intended to cause confusion and to cause mistake among consumers and to deceive the public as to the affiliation, connection or association of GGI's Opener with Plaintiff, and to deceive the public into mistakenly believing that the GGI Opener originates with or are sponsored or approved by Plaintiff.

24. GGI is using a confusingly similar, intentional copy of Plaintiff's Trade Dress without Plaintiff's authorization to derive benefit from and trade upon Plaintiff's reputation and

goodwill and to injure Plaintiff by diverting sales from Plaintiff to GGI and is causing irreparable harm to Plaintiff's reputation and goodwill. Plaintiff's sales of its Watch Opener have significantly decreased since the GGI Opener has been introduced to the market.

25. Plaintiff has no control of the sales of the GGI Opener. Any failure or negative review of the product will reflect adversely on and cause harm to Plaintiff as the perceived source for the GGI Opener.

26. GGI's acts constitute trade dress infringement and unfair competition in violation of Section 43(a) of the Lanham Act, §1125(a).

27. GGI's acts are likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that the GGI Opener is sold by Plaintiff or a licensee of Plaintiff or is affiliated, connected to, or associated with Plaintiff, when in fact there is no such affiliation, connection or association.

28. Plaintiff is entitled to injunctive relief and to recover GGI's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §1117.

29. Given that GGI's acts were willful and deliberate, Plaintiff is entitled to treble damages pursuant to 15 U.S.C. §1117.

30. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

(a) Preliminarily and permanently enjoining and restraining Defendant GGI, its officers, directors, agents, servants, employees, representatives, and those persons in active concert or participation with it from using the Plaintiff's Trade Dress, or any combination of components or features confusingly similar thereto;

6

  (b)  Requiring Defendant GGI to immediately remove any advertisements or website pages advertising or selling the GGI Opener;

  (c)  Requiring Defendant to destroy any remaining inventory of the GGI Opener;

  (d)  Requiring Defendant GGI to stop selling or offering for sale the GGI Opener;

  (e)  Requiring Defendant GGI to refer any orders for the GGI Opener to Plaintiff;

  (f)  Preliminarily and permanently enjoining the Defendant, its officers, directors, agents, servants, employees, representatives, and those persons in active concert or participation with it from engaging in, or knowingly contributing, assisting, inducing, aiding or abetting any other person or entity in engaging in, any acts of unfair competition, false designation of origin and/or deceptive trade practices in connection with the design, manufacture, sale, offer for sale or distribution of any items that infringe the Plaintiff's Trade Dress;

  (g)  Requiring Defendant to file with this Court and serve on Plaintiff within 30 days after service of any order which requires Defendant to do so, a report in writing under oath which sets forth in detail the manner and form in which Defendant has complied with the order against them;

  (h)  Awarding to Plaintiff its reasonable attorneys' fees;

  (i)  Awarding to Plaintiff its taxable costs; and

  (j)  Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff seeks a jury trial on all issues entitled to be tried by a jury.

Dated:  April 20, 2015

                          TARTER KRINSKY & DROGIN LLP

                          By: /s/  *Gabriel Levinson*
                          Gabriel Levinson
                          Amy Goldsmith
                          Aasheesh Shravah
                          1350 Broadway, 11th Floor
                          New York, New York 10018
                          (212) 216-8000
                          glevinson@tarterkrinsky.com
                          agoldsmith@tarterkrinsky.com
                          ashravah@tarterkrinsky.com
                          *Attorneys for Plaintiff, Siya Inc.*